IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE KOLEK,

    Plaintiff,

v.

                                  No. 23-cv-01105-DHU-DLM

CURRY COUNTY BOARD
OF COMMISSIONERS, CURRY
COUNTY RISK MANAGEMENT
DIVISION, CURRY COUNTY
SHERIFFS DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Lawrence Kolek's Notice of Claim (Doc. 1), filed December 14, 2023. Plaintiff is incarcerated and proceeding *pro* se. It appears that Plaintiff seeks to commence a lawsuit under the New Mexico Tort Claims Act ("NMTCA") based on allegations that a Curry County Sheriff's Officer caused him injuries by improperly using hand restraints while transporting him from Curry County Jail to the New Mexico Department of Corrections. (Doc. 1). The Notice of Claim does not appear to raise federal claims. Accordingly, Plaintiff shall be required to show cause in writing why this matter should not be dismissed for lack of jurisdiction.

The jurisdiction of federal courts is limited, in relevant part, to controversies arising under federal law, giving rise to federal-question jurisdiction. *See* 28 U.S.C. §§ 1331. "[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*,

709 F.3d 1012, 1016 (10th Cir. 2013). "[F]ederal question jurisdiction must appear on the face of the complaint" and the Court must "look to the way the complaint is drawn" to determine whether it asserts a "right to recover under the Constitution and laws of the United States." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted).

Construing the Notice of Claim as a complaint, it appears that this Court lacks jurisdiction over this case because Plaintiff does not invoke federal constitutional or statutory law. NMTCA claims are governed by New Mexico State law, and do not arise under the U.S. Constitution or federal law. For these reasons, Plaintiff must show cause in writing why the Complaint should not be dismissed for lack of jurisdiction. The failure to timely respond and establish a basis for federal jurisdiction will result in dismissal of this case without prejudice to Plaintiff's prerogative to pursue the claims in the state courts.

To the extent the Notice of Claim was intended to satisfy the NMTCA's notice requirement, the document is not properly before this Court. The written notice requirement of the NMTCA provides that a person seeking damages from a county to submit a written notice stating the time, place and circumstances of the loss or injury to the County Clerk of the appropriate county within ninety days of the occurrence. *See* NMSA 1978 § 41-4-16. Thus, to the extent Plaintiff seeks damages from Curry County under the NMTCA, the statute requires that he submit his Notice of Claim to the Curry County Clerk. The address of the Curry County Clerk's office is 417 Gidding St., Suite # 130, Clovis, New Mexico 88101.

Alternatively, if Plaintiff wishes to pursue a claim for violation of his civil rights under 42 U.S.C. § 1983, he should file a complaint and prepay the $405 filing fee or file an application to proceed *in forma pauperis* together with an inmate account statement reflecting transactions for

the past six months. A blank civil rights complaint and *in forma pauperis* application will be mailed to Plaintiff along with a copy of this Memorandum Opinion and Order.

For the foregoing reasons, Plaintiff shall have thirty days from the entry of this Memorandum Opinion and Order to: (1) show cause in writing why this case should not be dismissed for lack of jurisdiction, or (2) file a civil rights complaint and address the filing fee. Failure to timely comply may result in dismissal of this case without further notice. If Plaintiff intends to pursue his claims exclusively under the NMTCA, he is not required to file a response to this ruling and the case will be dismissed without prejudice to his ability to pursue his claims in the state courts.

**IT IS ORDERED** that if Plaintiff intends to pursue his claim in this Court, within thirty (30) days of entry of this Order he must show cause why the Complaint should not be dismissed without prejudice for lack of jurisdiction or file a civil rights complaint under 42 U.S.C. § 1983 and address the civil filing fee.

**IT IS FURTHER ORDERED** that together with a copy of this Order, the Clerk's office shall mail Plaintiff a blank § 1983 prisoner civil rights complaint and a blank application to proceed in forma pauperis.

_____
UNITED STATES DISTRICT JUDGE