IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE KOLEK,

    Plaintiff,

v.

                                                    No. 23-cv-01105-DHU-DLM

CURRY COUNTY BOARD
OF COMMISSIONERS, CURRY
COUNTY RISK MANAGEMENT
DIVISION, CURRY COUNTY
SHERIFFS DEPARTMENT,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* upon review of the docket.

Plaintiff Lawrence Kolek's commenced this case by filing a Notice of Claim on December 14, 2023. (Doc. 1). Plaintiff is incarcerated and proceeding *pro* se. Plaintiff apparently sought to commence a lawsuit under the New Mexico Tort Claims Act ("NMTCA") based on allegations that a Curry County Sheriff's Officer caused him injuries by improperly using hand restraints while transporting him from Curry County Jail to the New Mexico Department of Corrections. (Doc. 1). Because the Notice of Claim does not appear to raise federal claims, the Court entered a Memorandum Opinion and Order requiring Plaintiff to show cause in writing why this matter should not be dismissed for lack of jurisdiction. (Doc. 3) ("Show Cause Order"). The deadline to respond expired on May 15, 2024. Plaintiff did not respond to the Show Cause Order.

As set forth in the Show Cause Order, the jurisdiction of federal courts is limited, in relevant part, to controversies arising under federal law, giving rise to federal-question jurisdiction.

*See* 28 U.S.C. §§ 1331. "[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "[F]ederal question jurisdiction must appear on the face of the complaint" and the Court must "look to the way the complaint is drawn" to determine whether it asserts a "right to recover under the Constitution and laws of the United States." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted).

The Notice of Claim does not invoke federal constitutional or statutory law. NMTCA claims are governed by New Mexico State law; they do not arise under the U.S. Constitution or federal law. Therefore, the Court set a deadline of May 15, 2024, for Plaintiff to show cause in writing why the Complaint should not be dismissed for lack of jurisdiction. Plaintiff was advised that the failure to timely respond and establish a basis for federal jurisdiction would result in dismissal of this case without prejudice to Plaintiff's prerogative to pursue the claims in the state courts.   Alternatively, the Court advised Plaintiff that if he intended to pursue a claim for violation of his civil rights under 42 U.S.C. § 1983, he should file a complaint and prepay the $405 filing fee or file an application to proceed *in forma pauperis* by the same deadline. A blank civil rights complaint and *in forma pauperis* application were be mailed to Plaintiff along with a copy of the Show Cause Order.

Plaintiff did not timely respond to the Show Cause Order and the deadline has now expired. This case will be dismissed without prejudice under Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Dismissal is without prejudice to Plaintiff's ability to pursue his NMTCA claims in the state

courts or to file a civil rights complaint in this Court by commencing a separate lawsuit.

**IT IS THEREFORE HEREBY ORDERED** that:

(1) This case is **DISMISSED** without prejudice, and

(2) A separate judgment shall be entered herewith.

_____
UNITED STATES DISTRICT JUDGE